**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SATNAM KAUR, | No. 06-75161 |
| Petitioner - Appellant, | Agency No. A97 126 084 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 14, 2010
San Francisco, California

Before: HUG and McKeown, Circuit Judges, and FAWSETT,[**] Senior District
Judge.

Satnam Kaur, a citizen of India, petitions for review of the decision of the

Board of Immigration Appeals ("BIA") denying her application for asylum,

---

[*]     This disposition is not appropriate for publication and is not precedent except as
provided by 9th Cir. R. 36-3.

[**]     The Honorable Patricia C. Fawsett, Senior United States District Judge for the
Middle District of Florida, sitting by designation.

withholding of removal, and protection under the Convention Against Torture ("CAT"). We grant the petition for review as to the asylum and withholding of removal claims and remand these claims to the agency for further proceedings. We deny the petition for review of the CAT claim.

The BIA's determination that Kaur did not suffer harm severe enough to rise to the level of persecution is not supported by substantial evidence. An applicant alleging past persecution has the burden of establishing that: "(1) [her] treatment rises to the level of persecution; (2) the persecution was on account of one or more protected grounds; and (3) the persecution was committed by the government, or by forces that the government was unable or unwilling to control."[1] *Baghdasaryan v. Holder*, 592 F.3d 1018, 1023 (9th Cir. 2010) (citing *Chand v. INS*, 222 F.3d 1066, 1073 (9th Cir. 2000)). Kaur's credible, uncontroverted testimony establishes that while she was detained and questioned by the Indian police for two days, she suffered two separate, severe beatings that necessitated prolonged recuperation and medical treatment. The police took Kaur to the police station where they slapped her, pulled her hair, hit her on the soles of her feet and legs with a stick, and hit her on the back and feet with a leather strap. The first beating concluded when Kaur was knocked unconscious by a blow to the head with an unknown object. When she regained

---

[1] The parties do not dispute that the alleged persecution was committed by the government, mainly the Indian police.

2

consciousness that night, she was again beaten in a similar manner by the Indian police.[2] Kaur was released from jail the next day after a family member paid a 70,000 rupee bribe. Unable to gain admission to a hospital, Kaur received two weeks of medical treatment for her injuries from a medical doctor and spent an additional three weeks recuperating at her home before she was able to return to work. After learning that the Indian police were again looking for her at both her work and her home, Kaur went into hiding for over two months until, through the efforts of a family member, she was able to leave India. At the time of Kaur's merits hearing, over three years after her detention and beatings, the Indian police were still continuing to search for her. This undisputed evidence compels a reasonable fact finder to conclude that Kaur was subjected to treatment rising to the level of persecution. *See Guo v. Ashcroft*, 361 F.3d 1194, 1202-03 (9th Cir. 2004); *Duarte de Guinac v. INS*, 179 F.3d 1156, 1161 (9th Cir. 1999).

Having established treatment rising to the level of persecution, Kaur must next demonstrate that the persecution was *on account of* race, religion, nationality, membership in a particular social group, or political opinion. *Baghdasaryan*, 592 F.3d at 1023 (internal citation omitted). The BIA determination that the Indian authorities were interested in Kaur only to the extent that they sought to elicit information about

---

[2] Kaur's unrefuted testimony was corroborated by the affidavit of her brother-in-law who described her beating as "brutal."

3

her friend and to investigate Kaur's participation in illegal activity is not supported by substantial evidence. Kaur's credibility was not assailed. Her testimony established that during her interrogations and beatings, the police accused her several times of being a Khalistani and repeatedly asked her about the identities of the Khalistanis who had visited her, with which Khalistanis she was associated, and where such Khalistanis were located. These statements constitute unmistakable circumstantial evidence that the police were motivated, at least in part, by an imputed political opinion. *See Gafoor v. INS*, 231 F.3d 645, 651-52 (9th Cir. 2000); *Yazitchian v. INS*, 207 F.3d 1164, 1167-68 (9th Cir. 2000). No reasonable fact finder could have found otherwise. Accordingly, the record compels a finding of past persecution which then triggers a presumption that a petitioner has a well-founded fear of future persecution. *Mamouzian v. Ashcroft*, 390 F.3d 1129, 1135 (9th Cir. 2004).

The government can rebut this presumption by presenting evidence that conditions have changed or that relocation is possible so that the petitioner no longer has a well-founded fear that she would be persecuted if she were to return to India. 8 C.F.R. § 208.13(b)(1). In light of its finding with respect to persecution, the BIA did not consider the presumption or whether the government had rebutted it. We therefore remand in order to provide the BIA with the "opportunity to address the matter in the first instance in light of its own expertise." *See INS v. Orlando Ventura*,

4

537 U.S. 12, 17-18 (2002).

Since the record compels a finding of past persecution, Kaur also is entitled to a presumption of eligibility for withholding of removal. *Mousa v. Mukasey*, 530 F.3d 1025, 1030 (9th Cir. 2008) (citing standard). This presumption may be rebutted if the government shows a fundamental change in circumstances or shows that Kaur could reasonably relocate within India. *Id*. Because the BIA determined that Kaur did not suffer past persecution, the BIA neither applied this presumption nor considered whether it had been rebutted by the government. Thus we remand the withholding of removal claim to the BIA "so that the [BIA] may apply the law to the facts" of her withholding claim and determine if the government met its rebuttal burden. *Silaya v. Mukasey*, 524 F.3d 1066, 1072 (9th Cir. 2008) (internal citation and quotation marks omitted).

We deny Kaur's petition for relief under CAT because she has not demonstrated that it is more likely than not that she will be tortured upon her return to India. *See, e.g., Singh v. Gonzales*, 439 F.3d 1100, 1113 (9th Cir. 2006).

**Conclusion**

The petition for review as to the BIA's dismissal of Kaur's claims for asylum and withholding of removal is **GRANTED**, and the case is **REMANDED** for further proceedings in accordance with this opinion. The petition for review as

5

to the BIA's dismissal of Kaur's claim for relief under the Convention Against Torture is **DENIED**.  Costs on appeal are awarded to the petitioner.

**PETITION GRANTED IN PART, REMANDED and DENIED IN PART**